# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| SANDRA H. DICKERSON ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. _____ |
| ) | |
| ACCOUNT RESOLUTION ) | |
|    TEAM, INC., ) | <u>Jury Trial Demanded</u> |
| ) | |
|     Defendant. ) | |

## COMPLAINT

### INTRODUCTION

1. This action arises out of Defendant Account Resolution Team, Inc.'s (ART) violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA") in its efforts to collect consumer debts.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1681p.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and Defendant transacts business here.

### PARTIES

4. Plaintiff Sandra H. Dickerson (Plaintiff) is a natural person who resides in Hamblen County, Tennessee, and a "consumer" as defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1681a(c).

1

5. ART is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a person who furnishes information to consumer reporting agencies as provided in 15 U.S.C. §1681s-2.

## FAIR DEBT COLLECTION PRACTICES ACT

6. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692** *et seq.*

7. Congress passed the FDCPA because "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors . . . , [e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers . . . , and [m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." **15 U.S.C. §§ 1692 (a), (b), and (c).**

8. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, **to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses." **15 U.S.C. § 1692(e).** (emphasis added)

9. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

## FACTUAL ALLEGATIONS

10. ART has alleged Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the

transaction are primarily for personal, family or household purposes, and the obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, medical debts alleged to be owed to Healthstar Physicians, P.C. (Healthstar)

11. ART is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another and attempts to collect them from consumers by making telephone calls, sending collection letters, drafting and filing collection lawsuits, and credit reporting.

### *Experian Credit Report*

12. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. **15 U.S.C. § 1692a(2).**

13. Experian is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f), and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing credit reports to third parties.

14. Plaintiff obtained copies of her Experian credit report dated September 30, 2016, which showed that ART was communicating information about the debt to Experian.

15. "Debt collection is performed through 'communication,' . . . 'conduct,' . . . or 'means'. These broad words suggest a broad view of what the Act considers collection . . . [I]f a purpose of an activity taken in relation to a debt is to 'obtain payment' of the debt, the activity is properly considered debt collection." *See Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 461 (6th Cir. 2013).

16. The reporting of the alleged debts to Experian by ART, including that Healthstar was the creditor alleged to be owed the debts, and amounts alleged to be owed, is a

"communication" in an attempt to collect a debt from Plaintiff, as that term is defined by 15 U.S.C. § 1692a(2).

17. Plaintiff's September 30, 2016 Experian credit report, which shows that ART is communicating to Experian that Plaintiff owes debts to Healthstar, which Plaintiff does not owe, including the following:

| Partial Account Number | Amount |
|---|---|
| 612191 | $ 46.00 |
| 652998 | $140.00 |
| 9049546 | $ 46.00 |
| 9067718 | $140.00 |

18. These debts were listed in a collection lawsuit filed by ART against Plaintiff on March 26, 2014. **Copy filed as exhibit 1 to this Complaint (hereinafter "Doc. 1-1").**

19. Additionally, these debts were disputed as owed by Plaintiff when she filed a sworn denial in the collection lawsuit on June 24, 2014. **Copy filed as exhibit 2 to this Complaint (hereinafter "Doc. 1-2").**

20. A copy of the sworn denial was served on Lauren Carroll (Carroll) on June 23, 2014, agent for ART. **See Doc. 1-2, p. 2.**

21. The knowledge that Plaintiff had disputed the debts was imputed from Carroll, as agent, to ART, as principal.

22. Reporting a debt to a consumer reporting agency is an attempt to collect a debt. *See Purnell v. Arrow Fin. Service, LLC*, 303 Fed. Appx. 297, 304 n. 5, 2008 U.S. App. LEXIS 25488, at *17, n. 5 (6th Cir. 2008) ("We assume without deciding that the reporting of the debt to Experian constitutes a 'collection activity'. *See* FTC *Staff*

4

*Opinion Letter*, 1997 WL 33791232 (F.T.C.) (Dec. 23, 1997)"); *Malone v. Cavalry Portfolio Servs., LLC*, 2015 U.S. Dist. LEXIS 158310, at *6 (W.D. Ky. 2015) ("Each report a creditor sends to a consumer reporting agency constitutes a separate attempt to collect a debt"); *Campbell v. Credit Bureau Sys.*, 655 F. Supp. 2d 732, 741 (E.D. Ky. 2009) ("[R]eporting of a debt to a credit bureau may constitute a 'collection activity' under the FDCPA in the Sixth Circuit, see Purnell v. Arrow Financial Servs., LLC, 303 Fed. App. 297, *6 at note 5 (6th Cir. 2008)"; *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1035 (D. Minn. 2010), *aff'd*, 413 F. App'x 925 (8th Cir. 2011) ("[T]hreatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver."); *Quale v. Unifund CCR Partners*, 682 F. Supp. 2d 1274, 1278-80 (S.D. Ala. 2010).

23. By communicating to Experian, Plaintiff, and anyone else who accessed Plaintiff's Experian credit report during the year prior to the filing of the original Complaint, that Plaintiff owed these debts, when she did not, ART falsely represented the amount and legal status of the debts, in violation of 15 U.S.C. § 1692e(2)(A), falsely represented any compensation which may be received by any debt collector, in violation of 15 U.S.C. § 1692e(2)(B), threatened to take and actually took action it could not legally take, in violation of 15 U.S.C. § 1692e(5), and communicated credit information which it knew or should have known was false, including the failure to communicate that the debts were disputed, in violation of 15 U.S.C. § 1692e(8), which all are the use of false, deceptive, and misleading representations or means in connection with collection of any debt, and the use of false representations and deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair means to

collect or attempt to collect any debt and the collection of any amount not permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

24. ART willfully and knowingly violated the FCRA by willfully and knowingly failing to comply with 15 U.S.C. § 1681b(f) by obtaining access to Plaintiff's consumer report for an impermissible purpose, which was to attempt to collect a debt on which Plaintiff had no personal or contractual liability.

25. ART also willfully, knowingly and negligently violated numerous other provisions of the FCRA by reporting information to Experian with actual knowledge of errors, in violation of 15 U.S.C. § 1681s-2(a)(1)(A), failing to fulfill its duty to correct and update information reported to Experian, in violation of 15 U.S.C. § 1681s-2(a)(2), and furnishing incorrect information to Experian without providing notice that such information is disputed by the consumer, in violation of 15 U.S.C. § 1681s-2(a)(3).

*Summary*

26. The above-detailed conduct by ART in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the FDCPA and the FCRA including, but not limited to the above-cited provisions.

**TRIAL BY JURY**

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **U.S. Const. amend. 7; Fed.R.Civ.P. 38.**

**CAUSES OF ACTION**

**COUNTS I-VIII.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(2)(B),
1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1)**

28. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

29. ART's foregoing acts and omissions constitute numerous and multiple FDCPA violations including, but not limited to each and every one of the above-cited FDCPA provisions, with respect to Plaintiff.

30. As a result of ART's FDCPA violations, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from ART.

## COUNTS IX-XII.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681b(f), 1681s(a)(1)(A), 1681s(a)(2), and 1681s(a)(3)

31. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

32. ART's foregoing willful, knowing and negligent acts and omissions constitute numerous and multiple FCRA violations including, but not limited to each and every one of the above-cited FCRA provisions, with respect to Plaintiff.

33. As a result of ART's FCRA willful and knowing noncompliance with the FCRA requirements, Plaintiff is entitled to actual damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A); actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(B); punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from ART.

34. As a result of ART's negligent noncompliance with the requirements of the FCRA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1681o(a)(1); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from ART.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against ART:

### COUNTS I-VIII

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1)

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against ART and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against ART, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against ART and for Plaintiff;

### COUNTS IX-XII

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681b(f), 1681s(a)(1)(A), 1681s(a)(2), and 1681s(a)(3)

- for an award of actual damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A) against ART for its willful noncompliance by obtaining access to Plaintiff's consumer report for an impermissible purpose, which was to attempt to collect a debt on which Plaintiff had no personal or contractual liability on the debt, and for Plaintiff;

- for an award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) against ART for its willful noncompliance with the FCRA, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3) against ART for its willful noncompliance with the FCRA, and for Plaintiff;

- for an award of actual damages pursuant to 15 U.S.C. §1681o(a)(1) ART for its negligent noncompliance with the FCRA, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2) against ART for its negligent noncompliance with the FCRA, and for Plaintiff;

- for such other and further relief, as may be just and proper.

03/16/17                                Respectfully submitted,

**SANDRA H. DICKERSON**

s/ Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com

Attorney for Plaintiff